# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM M. MILLSAPS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     Case No. 4:19-CV-2493 JCH |
| VICTORIA MULLEN MCKEE, et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion of Defendant McKee and Defendant State of Missouri to Dismiss Parties (ECF No. 5); the Motion of Defendant The Right Solution, Inc., to Dismiss Party (ECF No. 8); and the Motion of Defendant Millsaps to Dismiss the Complaint for Lack of Subject Matter and for Failure to State a Claim (ECF No. 11). Defendants McKee and the State filed their motion on September 26, 2019. Defendant The Right Solution, Inc. ("Right Solution"), and Defendant Millsaps filed their motions on September 27, 2019. On October 30, 2019 the Court sent a letter to Plaintiff Millsaps ordering him to respond to the Motions no later than November 20, 2019. Plaintiff has not responded. The Court will take up the motions.

## BACKGROUND

Pro Se Plaintiff's complaint arises predominately out of events associated with divorce proceedings in the St. Louis County Case No. 16SL-DR06772 between Plaintiff and Defendant Millsaps; specifically, the division of the property and child support award in that case. Plaintiff seeks damages against Defendant Right Solution for negligence due to counseling services Defendant Right Solutions provided during the divorce case; declaratory relief that under MRS

1

§451.010 Plaintiff should be entitled to a new proceeding for an annulment if evidence of fraud is discovered following the original proceeding; declaratory judgement against the State of Missouri that Plaintiff's constitutional rights have been violated by the application of Missouri State Statutes and that the Statutes are facially unconstitutional; and for declaratory and injunctive relief. The Plaintiff brings the following Counts:

> Count I: Negligence against Defendant Right Solutions
> Count II: Malpractice against Defendant Right Solutions
> Count III: Declaratory judgement for a new trial
> Count IV: Declaratory relief regarding the taking of Plaintiff's personal property
> Count V: Declaratory relief regarding domestic support orders

Defendants challenge the Complaint on multiple grounds including subject matter jurisdiction, res judicata, and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must show that "'the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the… claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Twombly, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679 (citing *Twombly*, 550 U.S. at 556). The pleading standard of rule 8 "does not require 'detailed factual allegations,' but it demands more than

2

unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, in regard to a Rule 12(b)(6) Motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure ' 1216, pp. 235-236 (3d ed. 2004).

*Twombly*, 550 U.S. at 555. *See also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009)(en banc)("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims…, rather than facts that are merely consistent with such a right.'")(quoting *Stalley v. Catholic Health Initiative*, 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  Twombly, 550 U.S. at 556 (citation omitted).  "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his or her] claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds, *Horlow v. Fitzgerald*, 457 U.S. 800 (1982)).

## **DISCUSSION**

I.  **Counts III-V: Subject Matter Jurisdiction**

Defendants argue that Plaintiff's claims lack subject matter jurisdiction under the *Rooker-Feldman* doctrine and the Domestic Relations Exception. (ECF No. 12, 6 – 9; ECF No. 9, 5 – 6; ECF No. 6, at 4, 6 – 7).  Defendant Millsaps specifically argues that Counts III, IV and V seek to collaterally attack the divorce judgement and asks this Court to act as an appellate court and

review the rulings on state domestic relations. The Court agrees. Although the Plaintiff discusses his claims in constitutional terms, the Plaintiff's claims seek review of the property division put in place by the state court divorce judgement.

A. **Rooker-Feldman Doctrine**

The *Rooker-Feldman* doctrine states that "a United States District Court has no authority to review final judgements of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007). Even if a state court judgement is incorrect, "an effective and conclusive adjudication" is only open to reversal "in an appropriate and timely appellate proceeding." *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 415 (1923). The Court applies the Rooker-Feldman doctrine when the alleged federal claims are "inextricably intertwined with a state court judgement." *In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir. 1996)(citing *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990). Federal Claims are "inextricably intertwined" when "the federal claim succeeds only to the extent that the state court wrongfully decided the issues before it." *Id.* Here, Plaintiff will only succeed on his claims in Counts III-V if the Court were to determine that the state court impermissibly distributed the property and child support award between Plaintiff and Defendant Millsaps. To do so would require this Court to determine that the state court acted incorrectly. Therefore the *Rooker-Feldman* doctrine applies in this case.

B. **Domestic Relation Exception to Diversity Jurisdiction**

Even if the *Rooker-Feldman* doctrine did not apply in this case, Plaintiff's claims are inappropriate for review by the federal district court because they fall into the domestic relations exception to diversity jurisdiction. The issues raised in this case fall squarely into the domestic relations exception. Under the domestic relations exception, federal courts are prohibited from

exercising jurisdiction over any action for which the subject is divorce, allowance of alimony, or child custody, including the distribution of marital property. *Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013); *Kahn v. Kahn*, 21 F.3d 859,861 (8th Cir. 1994). For the above stated reasons, the Court declines to exert subject matter jurisdiction over Plaintiff's claims in Counts III – V.

C. **Additional Arguments Raised by Defendants State of Missouri, McKee and Millsaps**

Defendant State of Missouri, Defendant McKee, and Defendant Millsaps raised arguments under the principles of res judicata and judicial immunity regarding Counts III – V. The Court declines to address these arguments as Counts III – V are dismissed on other grounds. However, Defendants raise issues regarding diversity jurisdiction in this case which apply to the remaining claims.

Defendants argue that the Plaintiff has failed to plead information necessary to establish diversity jurisdiction. 28 U.S.C. §1332 requires the Plaintiff to meet the amount in controversy requirement. When jurisdiction is based on diversity of citizenship, the pleadings must establish the citizenship of the parties. *Barclay Square Properties v. Midwest Sav. And Loan Ass'n of Minneapolis*, 893 F.2d 968, (8th Cir. 1990). Pursuant to 28 U.S.C. §1332, for diversity purposes the amount in controversy must "exceed[] the sum or value of $75,000, exclusive and costs, and is between citizens of different states." 28 U.S.C. §1332(a)(1). Plaintiff has not pled that the citizenship of the parties is diverse. Rather, Plaintiff alleges there is diverse residency. Plaintiff has also failed to allege that the amount in controversy exceeds $75,000. To the extent Plaintiff's remaining claims are not dismissed, the Plaintiff will be granted leave to more specifically allege facts so that the Court may determine if diversity jurisdiction is appropriate in this case.

II. **Statute of Limitations for Malpractice and Negligence by Medical Providers**

Count I and Count II of Plaintiff's Complaint allege negligence and medical malpractice against Defendant Right Solution on the theory that Defendant Right Solution failed to diagnose the minor children with "parental alienation." Federal courts sitting in diversity apply the forum's statute of limitations. *Columbia Petrol., Inc. v. Waddell*, 680 F. Supp. 1348, 1350 (W.D. Mo. 1987). In Missouri the statute of limitations for malpractice and negligence claims against health care providers is two-years. Mo. Rev. State. §516.105. Accrual of time for the purpose of determining the statute of limitation is from the "date of occurrence of the date of neglect complained of." *Id.* Plaintiff alleges that the counseling provided by Defendant Right Solution occurred in 2016. Defendant The Right Solution argues that the Plaintiff filed this law suit on September 5, 2019. Therefore, the statute of limitation's time period had expired when the Plaintiff's case was filed and Plaintiff's claim for negligence and malpractice should be dismissed.

Under Missouri Law, the two-year statute of limitations for actions against healthcare providers for medical malpractice has very limited exceptions. Mo. Rev. Stat. §516.105(3) outlines an exception to the two-year statute of limitation when a case is brought for injuries to a minor. "In cases in which the person bringing the action is a minor less than eighteen years of age, such minor shall have until his or her twentieth birthday to bring such action." Mo. Rev. Stat. §516.105(3). To the extent that Defendant brings malpractice and negligence claims against Defendant Right Solutions on behalf of injury to himself, the claims are time-barred.

In *Bergstreser v. Mitchell,* 577 F.2d 22 (8th Cir. 1978), the Eight Circuit reviewed the application of the then enacted Missouri statute of limitation for medical malpractice when a parent brings a case on behalf of a minor child. The Eighth Circuit determined that the claim

6

brought on behalf of the child, "entitled [the claim] to the benefit of the tolling provisions for minors applicable to medical malpractice actions." *Bergstreser v. Mitchell*, 557 F.2d 22, 26 (8th Cir. 1978). Although the court in *Bergstreser* was evaluating the applicability of previous iterations of §516.105(3), those statutes remain substantially similar to §516.105 in intent to preserve the claims of minors. The relevant statutes at issue in *Bergstreser*, Mo.Ann.Stat. §516.170(1939) and Mo.Ann.Stat. §516.105 (1976), tolled the two-year limitation period where the person entitled to bring this action is a minor, until the prospective plaintiff obtains majority or where the person entitled to bring the action was under ten years of age had until their twelfth birthday to file such an action, respectively. *See, Bergstresser v. Mitchell*, 448 F. Supp. 10,14 (E.D. Mo. 1977); Mo.Ann.Stat. §516.170(1939); Mo. Ann Stat. §516.105 (1976).

Since Plaintiff has brought this case on behalf of his minor children aged 17 and 13, the Court declines to impose the two-year statute of limitations for medical malpractice and medical negligence to the extent that Plaintiff's claims are for injuries incurred by the minor children. In so much as Plaintiff's claim seeks recovery for injuries to himself, the claim is time-barred. *See, Bergstreser v. Mitchell*, 557 F.2d 22, 26 (8th Cir. 1978)(upholding partial invocation of the statue of limitations).

### III. Federal Rule of Civil Procedure 12(b)(6) as it Applies to Plaintiff's Negligence and Malpractice Claims

As outlined *supra*, a 12(b)(6) motion to dismiss "must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims…" *Dillards*, 565 F.3d at 473. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations are to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). It is necessary that the Complaint allows the court and the opposing party to

7

determine if a vaild claim has been alleged so that the Defendant is given "fair notice of what the… claim is and the grounds upon which it rests." *Twombly,* 550 U.S., at 555.

A pro se complaint should be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2014)(citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). *See also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)(holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Von Bokel v. McHugh*, No. 4:13-CV-2517 CAS, 2015 WL 357081, at *11 (E.D. Mo. Jan. 27, 2015). Although Plaintiff is a lawyer by profession, he represents himself in this case. With these principles in mind the Court turns to Plaintiff's claims for negligence and malpractice.

Count I of Plaintiff's Complaint alleges negligence against Defendant Right Solution. Defendant Right Solutions argues that Plaintiff has failed to provide factual allegations supporting his claim that Defendant Right Solutions owed a duty of care to both father and minor child to diagnose the minor child; and that Plaintiff has failed to plead facts showing a breach of that duty. (ECF No. 9, at 7). Defendant Right Solutions also argues that the Plaintiff has failed to identify what loss he has incurred due to the alleged breach and therefore has failed to identify actual damages. *Id*. Defendant Right Solutions further asks that if the court does not dismiss Plaintiff's claim for negligence that the court order the Plaintiff to make his Complaint more definite and certain pursuant to Federal Rule of Civil Procedure 12(e).

Under Missouri law, to state a claim for negligence the Plaintiff must plead facts to show: (1) a legal duty by the defendant to conform to a certain standard of conduct to protect others against unreasonable risks, (2) a breach of that duty, (3) a proximate cause between the conduct

and the resulting injury, and (4) actual damages to the Plaintiff's person or property. *Rill v. Trautman*, 950 F.Supp. 268, 270 (Mo. E.D. 1996). Similarly, under Missouri law to state a prima facie case of medical malpractice, a plaintiff must establish (1) that an act or omission of the defendant failed to meet the requisite standard of care; (2) that the act or omission of the defendant was performed negligently; and (3) that there was a causal connection between the act or omission and the plaintiff's injury. *Shelton v. U.S.*, 804 F.Supp 1147 (E.D. Mo. 1992)(citing *Baker v. Gordon, et al.*, 759 S.W.2d 87, 91 (Mo.App.1988); *Jines v. Young*, 732 S.W.2d 938, 944 (Mo.App.1987); *Wilson v. Lockwood*, 711 S.W.2d 545, 550 (Mo.App. 1986)). In support of his negligence claim, Plaintiff alleges:

> Defendant [Right Solutions] stated that they were not qualified to do the counseling. The counselors stated that they did not know how to do this with an out of state parent and stated they had no plan to do it.
> Defendant … violated their duty of care to Plaintiffs.
> Defendant … solicited to take this case although they were not qualified
> Defendant … accepted this matter and then months later purported to decline the appointment
> Defendant failed to timely perform the evaluation that they agreed to perform
> Defendant … failed to organize and conduct the counseling that was ordered and that [Defendant] had agreed to do.
> Defendant … failed to do counseling with Father via Skype.
> Defendant … failed to apprise Defendant McKee of [its] failures

(ECF No. 1, ¶¶ 191, 202–208). In support of his malpractice claim, Plaintiff alleges:

> Defendant owed a duty of care to both Father and Child to diagnose Minor Children
> Attachment-based "parental alienation" can be reliably diagnosed by the presence of a child's symptom display of three characteristic and definitive diagnostic indicators … (a) the complete suppression of a child's attachment boding [sic] motivations toward a normal-range and affectionally available parent, (b) a specific set of five (5) narcissistic/personality disorder traits that are displayed by the child toward the targeted-rejected parent1 [sic], and (c) the child's intransigently held, fixed and false belief evidenced by the child regarding the fundamental inadequacy of the targeted-rejected parent.

9

> Minor suffered from attachment-based "parental alienation" diagnostic criteria.
> Defendant failed to diagnose and breached its duty to diagnose
> Defendant failed to treat and breached his duty to treat the diagnosis that should have been made
> Plaintiffs suffered damage.

(ECF No. 1, ¶¶ 235–241).

Plaintiff has not provided specific facts or examples to support each element of his negligence or malpractice claims. Plaintiff has not clearly plead duty and breach, although he has referenced some facts in support of these elements. Plaintiff's Complaint also lacks specific detail explaining what damages he seeks for the alleged negligence or malpractice and how Defendant Right Solutions' alleged actions have proximately caused the alleged injury.

Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Plaintiff has failed to clearly outline the alleged negligent conduct of Defendant Right Solutions. Even though Plaintiff's claims lack detail, the Court will grant Plaintiff the opportunity to amend his Complaint as to the alleged negligence or malpractice against Defendant Right Solutions on behalf of the minor children. Additionally, as to Plaintiff's remaining claims of negligence or malpractice, Plaintiff will be granted leave to amend his complaint to more clearly allege diversity jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Parties Defendant Mckee and Defendant State of Missouri (ECF No. 5) is **GRANTED**; that Defendant the Right Solution Inc.'s Motion to Dismiss Party (ECF No. 8) is **GRANTED in part** and **DENIED in part**; and that Defendant Millsaps Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter

Jurisdiction and for Failure to State a Claim Upon Which Relief Can be Granted (ECF No. 11) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Counts III – V are **dismissed** for lack of subject matter jurisdiction; that Defendant McKee is dismissed as a party to this case; that Defendant State of Missouri is dismissed as a party to this case; that Defendant Millsaps is dismissed as a party to this case; and that the only remaining defendant is Defendant The Right Solutions, Inc.

**IT IS FURTHER ORDERED** that the Plaintiff has fourteen (14) days from the issuance of this Order to file an Amended Complaint with the Court regarding Plaintiff's Negligence claim. Failure to file a timely Amended Complaint with the Court may result in the dismissal of this case.

Dated this 9th day of December 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT COURT